UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CHACE O'DELL, | § | |
| STEVEN O'DELL, | § | |
| and BEN WALLACE, | § | |
| individually and on behalf | § | COLLECTIVE AND CLASS |
| of all others similarly situated, | § | ACTION COMPLAINT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:23-cv-1054 |
| | § | |
| AMERICAN SAFETY | § | |
| SERVICES, INC. D/B/A | § | |
| SIGNAL SAFETY SERVICES, INC. | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Chace O'Dell, Steven O'Dell and Ben Wallace ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. American Safety Services, Inc. d/b/a Signal Safety Services, Inc. ("American Safety") was formerly the employer, joint and/or co-employers of Plaintiffs and others similarly situated. Chace O'Dell and Stephen O'Dell worked as Safety Representatives for American Safety from approximately October of 2022 until October of 2023. Mr. Wallace worked as a Safety Representative from January of 2023 until August of 2023. Plaintiffs interviewed and were hired through American Safety and worked as directed by American Safety. While employed by American Safety, Plaintiffs worked full time for American Safety, and virtually every aspect of their job was controlled by American Safety. During their time with American

Safety, Plaintiffs typically worked at least 90-100 hours per week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of similarly situated Safety Representatives who work or have worked for American Safety, all of whom are paid a day rate and denied overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL SAFETY REPRESENTATIVES DURING THE PAST 3 YEARS WHO WERE PAID A DAY RATE.[1]**

4. For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

5. American Safety has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiffs and other Class Members overtime at the legally required rate. Plaintiffs, individually and on behalf of all other Class Members, bring this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

6. This class action consists of:

---

[1] Members of this proposed FLSA collective will hereinafter be referred to as the "FLSA Collective Members."

**ALL SAFETY REPRESENTATIVES FROM 2018 UNTIL THE PRESENT WHO (1) WORKED IN NEW MEXICO AND (2) WERE PAID A DAY-RATE.[2]**

## II. PARTIES

7. Plaintiffs are individuals. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

8. American Safety is a California corporation with its principal place of business in Bakersfield, California. American Safety is not registered to conduct business with the New Mexico Secretary of State. American Safety may be served through its officer and registered agent for service in California, Gene Patrick Moseley, 3215 Fruitvale Ave., Bakersfield, CA 93308, or where found.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs,

---

[2] Members of this proposed class will hereinafter be referred to as the "Class Members." The period covered by the NMMWA class action is pled as it is because, on information and belief, American Safety began sending Safety Representatives to New Mexico and paying them a day rate in 2018 and has done so continuously until the present date. Under the New Mexico Minimum Wage Act, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. See, e.g., Felps v. Mewbourne Oil Co., Inc., Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA).

and at least one Class Member is a citizen of a different state than Defendant. Alternatively, the Court has supplemental jurisdiction over the class and individual NMMWA claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over American Safety because it conducts and has conducted a significant amount of business in New Mexico and has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiffs and the other class members performed a substantial amount of work for Defendant as described herein in the Permian Basin, specifically in the New Mexico counties of Eddy and Lea (and possibly others), which are located in this judicial district.

### IV.   FLSA COVERAGE FACTS

12. At all relevant times, American Safety acted as an employer or joint employer with respect to Plaintiffs and others similarly situated, as those terms are used under the FLSA. American Safety was responsible for all decisions related to the wages to be paid to the FLSA Collective Members, the work to be performed by the FLSA Collective Members, the locations of work performed by the FLSA Collective Members, the hours to be worked by the FLSA Collective Members, and the compensation policies with respect to the FLSA Collective Members.

13. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs (and others similarly situated) were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V.    NMMWA COVERAGE FACTS

16. At all relevant times, American Safety acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiffs and other Class Members. American Safety was responsible for all decisions related to the wages to be paid to Plaintiffs and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

17. At all relevant times, Plaintiffs and the Class Members constituted individual "employees" as that term is understood under the NMMWA.

18. At all relevant times, Plaintiffs and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely,

Plaintiffs' job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiffs, in the performance of their job duties while working for American Safety, regularly used instrumentalities of interstate commerce such as his cell phone and e-mail to communicate with others at American Safety.

## VI. FACTUAL BACKGROUND

19. American Safety offers compliance and consulting services to clients in the oil and gas industry.[3] American Safety has contracted with companies engaged in exploration and production of oil and gas to provide safety representatives for these companies' drilling operations, including Plaintiffs and others similarly situated.

20. Because Plaintiffs and other Safety Representatives are paid a day rate, and because their schedules are set by American Safety, they are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to the rigs they are to work on as ordered to do by American Safety or its customers. Because they work full time (working very long hours), they are not allowed an opportunity to expand their business or to take on other assignments. Finally, the Safety Representatives did not provide their own tools or equipment and were not allowed to hire their own helpers.

21. No exemption excuses Defendant from paying Plaintiffs and other similarly situated Safety Representatives overtime rates under the FLSA. Because they are paid day rates,

---

[3] https://signalsafetyservices.com/services.

Plaintiffs are not paid on a "salary basis" and for this reason alone (and others) they would not qualify for the "white collar" exemptions under the FLSA.

22.   Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

23.   For purposes of this action, the "relevant period" for the purposes of the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24.   Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VII.   COLLECTIVE ACTION ALLEGATIONS

25.   Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiffs are aware that the illegal practices and policies of American Safety have been imposed on other, similarly situated workers.

26.   Plaintiffs bring their claims on behalf of all current and former FLSA Collective Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendant.

27.   Defendant's compensation policies and procedures with respect to Plaintiffs and the FLSA Collective Members and wages paid to Plaintiffs and the FLSA Collective Members are substantially similar, if not identical.

28. Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies, and does not depend on individualized circumstances of Plaintiffs or other FLSA Collective Members.

29. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

30. Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

31. Plaintiffs request that Defendant identify all FLSA Collective Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Collective Members.

32. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

33. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

34. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII. NEW MEXICO CLASS ACTION ALLEGATIONS

35. Plaintiffs incorporate all allegations previously made in this Complaint.

36. Plaintiffs bring this class action on behalf of the respective Class Members.

37. The Class Members are so numerous that their joinder is impracticable.

38. While the precise number of the Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

39. Plaintiffs' claims are typical of the Class Members.

40. Plaintiffs and the Class Members were classified as non-exempt from overtime.

41. The primary job duties of Plaintiffs and the Class Members consisted of non-exempt work.

42. Plaintiffs and the Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a day rate for each day they worked.

43. Plaintiffs and the Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

44. Plaintiffs and the Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

45. Common questions of law and fact for the Class Members predominate over any questions affecting any individual member, including:

    a. Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the FLSA Collective Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

    b. Whether Defendant's Day Rate Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

    c. The proper measure of damages of the Class Members; and

    d. Whether Defendant should be enjoined for such violations in the future.

46. As a result, Plaintiffs will fairly and adequately protect the Class Members' interests and have retained counsel experienced in complex wage and hour class litigation.

47. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

48. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the Class Members. No apparent difficulties exist in

managing this class action. Plaintiffs intend to send notice to the Class Members to the extent required by Fed. R. Civ. 23(c).

## IX.   CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE FLSA

49. The foregoing allegations are incorporated herein by reference.

50. Plaintiffs and others similarly situated were non-exempt employees of American Safety.

51. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

52. American Safety violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

53. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATION OF THE NMMWA

54. Plaintiffs incorporate all allegations previously made in this Complaint.

55. Plaintiffs and the Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). Defendant has

violated the NMMWA by employing employees and regularly and repeatedly failing to pay Plaintiffs and the Class Members for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the Class Members are entitled to their unpaid wages, treble and/or liquidated damages, all costs and litigation expenses, including expert witness fees, and all attorneys' fees that are recoverable under the NMMWA, along with pre- and post-judgment interest at the highest rate allowed by law.

57. Moreover, Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## X.   RELIEF SOUGHT

Plaintiffs pray for the following relief against Defendant on an individual basis and on a representative basis on behalf of others similarly situated:

   a. For an Order certifying the proposed NMMWA class as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under NMMWA, and for designation of Plaintiffs' counsel as class counsel;

   b. For an Order awarding Plaintiffs and the Class Members all unpaid wages, treble damages, prejudgment interest and all available penalties wages under NMMWA;

c. For an Order certifying the proposed FLSA collective and finding Defendant liable for unpaid wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

d. For an Order awarding Plaintiffs and the FLSA collective and NMMWA class members pre- judgment and post-judgment interest at the highest rates allowed by law; and

e. For all costs and attorneys' fees incurred prosecuting these claims, as allowed by state and federal law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532
Borsellino, P.C.
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS AND THOSE SIMILARLY SITUATED**